Contrary to the defendant’s contention, the People established at the suppression hearing that the police had probable cause to arrest him, based on information provided by a witness (see People v Nealy, 32 AD3d 400, 401 [2006]; People v Banks, 208 AD2d 759, 759-760 [1994]).
The County Court correctly denied the defendant’s request to charge manslaughter in the first degree and manslaughter in the second degree as lesser-included offenses of murder in the second degree. Viewing the evidence in the light most favorable to the defendant (see People v Martin, 59 NY2d 704 [1983]), we find that there was no reasonable view of the evidence to support a finding that he intended to cause serious physical injury to the victim rather than kill her (see Penal Law § 125.20 [1]; People v Butler, 84 NY2d 627, 633-634 [1994]; People v Sostre, 70 AD3d 865 [2010]), or that he acted recklessly in repeatedly shooting the victim (see Penal Law § 125.15 [1]; People v Walston, 97 AD3d 609, 610 [2012]; People v Spina, 275 AD2d 902, 904 [2000]; People v Etienne, 250 AD2d 776 [1998]).
Furthermore, the County Court properly refused to charge the affirmative defense of extreme emotional disturbance. The defendant’s behavior “ ‘immediately before and after the killing was inconsistent with the loss of control associated with the affirmative defense’ ” (People v Trovato, 68 AD3d 1023, 1024 [2009], quoting People v Murden, 190 AD2d 822, 822 [1993]; see People v Lynch, 92 AD3d 805, 806 [2012]). The defendant failed to establish both the subjective and objective elements of the *1039 defense of extreme emotional disturbance (see People v Smith, 1 NY3d 610, 612 [2004]; People v Roche, 98 NY2d 70, 75-77 [2002]; People v Trovato, 68 AD3d at 1024). Skelos, J.P., Florio, Hall and Roman, JJ., concur.